```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
DENARDO COLEMAN as Guardian for          :    15cv3868 (DLC)
ORNETTE COLEMAN,                         :
                    Plaintiff,           :    MEMORANDUM OPINION
                                         :         AND ORDER
          -v-                            :
                                         :
SYSTEM DIALING LLC; JORDAN McLEAN;       :
AMIR ZIV, AND JOHN DOES 1-10,            :
                                         :
                    Defendants.          :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

On May 19, 2015, Denardo Coleman ("Coleman") filed the instant action alleging claims under the Anti-Bootlegging Act, Lanham Act, New York General Business Law, and common law unfair competition. The allegations in the complaint are detailed in the Court's Opinion and Order dated December 18, 2015. In short, Coleman alleges that the defendants have sold and continue to sell unauthorized recordings of performances by his late father and famed jazz musician, Ornette Coleman. Coleman has acted as Ornette Coleman's legal guardian since 2013, and initiated this action in that capacity.

Ornette Coleman died on June 11, 2015. On July 17, Coleman's counsel notified the Court and opposing counsel of Ornette Coleman's death in a letter motion to adjourn the initial pretrial conference. The letter stated that Coleman

intended to substitute a new plaintiff in this action.  On September 25, Coleman submitted an update on the substitution of a new plaintiff.  That letter stated that "[t]he necessary documents have been gathered and provided to counsel for the estate, and are expected to be on file shortly."  On October 23, the defendants filed a motion to dismiss the complaint arguing (1) that Coleman lacked standing to bring his claims, (2) the claims were subject to an arbitration agreement in a contract between Ornette Coleman and the defendants, and (3) any claims related to the validity of the agreement must be determined by an arbitrator.

On December 2, the New York Supreme Court, New York County, issued an ex parte order (the "Ex Parte Order") stating

> that the authority of the Guardian, DENARDO COLEMAN, is hereby expanded pursuant to Section 81.21(a)(2) of the Mental Hygiene Law, to allow the Guardian to continue prosecuting [the instant action in the Southern District of New York].  Such expanded authority shall continue until an administrator is appointed and qualifies to represent the estate of ORNETTE COLEMAN.

On December 9, Coleman filed a motion for an extension of time to file a Rule 25 motion.  By an Opinion and Order dated December 19, the Court granted Coleman's motion for a retroactive extension of time to file a Rule 25 motion and denied the defendants' motion insofar as it was predicated on

2

Coleman's failure to timely move to substitute a new plaintiff.

By separate order dated that same day, the Court denied the defendants' motion to dismiss on the ground that the purported contract requires arbitration, without prejudice to renewal following discovery on the formation of the contract.  By separate order dated the same day, the Court gave the parties until January 8, 2016 to stipulate to the substitution of Coleman as plaintiff.  In the event the parties could not reach an agreement, Coleman was required to file a Rule 25 motion by January 15.  The parties did not reach an agreement and on January 15, Coleman timely filed his Rule 25 motion.  The motion was fully submitted on February 5.

## Discussion

"If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative."  Fed. R. Civ. P. 25(a)(1).  Under the plain language of the rule, substitution will be granted if three requirements are met: (1) the motion is timely, (2) the movant's claims have not been extinguished by the death of the original party, and (3) the movant is a proper party for substitution.  The first requirement is satisfied because the Court previously granted Coleman a retroactive extension of time

3

to file this motion, and he filed this motion within the extended deadline.  The defendants do not dispute the second element.  The only remaining issue is whether Coleman is a proper party for substitution.

Whether Coleman is the proper party to represent the estate of Denardo Coleman is a question of state law.  In the Ex Parte Order, the New York Supreme Court held that Coleman's authority as guardian is "expanded pursuant to Section 81.21(a)(2) of the Mental Hygiene Law, to allow [Coleman] to continue prosecuting" the instant action.  Such authority will continue "until an administrator is appointed" by the Surrogate's Court.  The Ex Parte Order is within the authority of the New York Supreme Court.  Under the New York Mental Hygiene Law, a guardian's authority may be expanded to "defend or maintain any judicial action or proceeding to a conclusion until an executor or administrator is appointed."  N.Y. Mental Hyg. Law § 81.21.  Although litigation concerning the property or funds of a decedent's estate are generally brought in the Surrogate's Court, under New York law, the Supreme Court and the Surrogate's Court have concurrent jurisdiction over the administration of a decedent's estate.  Cipo v. Van Blerkom, 813 N.Y.S.2d 532, 532-33 (2d Dep't 2006).  Accordingly, Coleman is a proper party for substitution.

Because Coleman's expanded authority under the Ex Parte Order ends when the Surrogate's Court issues a letter of administration, Coleman will be required to update the Court on the status of his efforts to become the estate's representative in the Surrogate's Court.  In the event any party other than Coleman is appointed as representative of the estate, the defendants will be permitted to move to dismiss the complaint on the basis that Coleman lacks standing to bring this action.

## Conclusion

Coleman's January 15 motion to substitute parties under Rule 25(a)(1) is granted.

Dated:    New York, New York
          March 22, 2016

```
                              _____
                                    DENISE COTE
                              United States District Judge
```