UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                          :
                                          :          15cv3868 (DLC)
DENARDO COLEMAN as Guardian for           :
ORNETTE COLEMAN,                          :        MEMORANDUM OPINION
                      Plaintiff,          :            & ORDER
                                          :
          -v-                             :
                                          :
SYSTEM DIALING LLC, JORDAN McLEAN,        :
AMIR ZIV, AND JOHN DOES 1-10,             :
                                          :
                      Defendants.         :
                                          :
---------------------------------------- X

APPEARANCES:

For the plaintiff:
Brett Van Benthysen
Reitler Kailas & Rosenblatt, LLC
885 Third Avenue, 20th Floor
New York, NY 10022

For the defendants:
Justin S. Stern
Frigon Maher & Stern LLP
1271 Avenue of the Americas, Suite 4300
New York, New York 10020

DENISE COTE, District Judge:

     Plaintiff Denardo Coleman ("Coleman") alleges that the

defendants sold unauthorized recordings of performances by his

late father and famed jazz musician, Ornette Coleman.  The

defendants request that this case be dismissed with prejudice on

the ground that Coleman has failed to prosecute his claims

against them.  The defendants' motion is granted.

## BACKGROUND

The history of this litigation is set out in three prior
Opinions, which are incorporated by reference and with which
familiarity is assumed.  Coleman v. Sys. Dialing LLC, 15cv3868
(DLC), 2016 WL 3387748 (S.D.N.Y. June 17, 2016) ("Coleman III");
Coleman v. Sys. Dialing LLC, 15cv3868 (DLC), 2016 WL 1169518
(S.D.N.Y. Mar. 22, 2016) ("Coleman II"); Coleman v. Sys. Dialing
LLC, 15cv3868 (DLC), 2015 WL 9275684 (S.D.N.Y. Dec. 18, 2015)
("Coleman I").  This Opinion summarizes only those facts that
are relevant to the defendants' request to dismiss this case
with prejudice.

Coleman has acted as Ornette Coleman's legal guardian since
2013, and initiated this action in that capacity in May 2015.
Ornette Coleman died in June 2015.  On July 17, Coleman notified
the Court of Ornette Coleman's death and indicated that he would
substitute a new plaintiff "when certain estate matters have
been taken care of."  Substitution required that Coleman apply
to the New York Surrogate's Court for appointment of a
representative of Ornette Coleman's estate.  An initial pretrial
conference was held on July 24.  On September 25, Coleman stated
that "[t]he necessary documents have been gathered and provided
to counsel for the estate, and are expected to be on file
shortly."

The status of Coleman's application in Surrogate's Court to become the representative of Ornette Coleman's estate has remained a principal focus of the litigation ever since the summer of 2015. On October 23, 2015, the defendants moved to dismiss the complaint on the ground that Coleman's claims were subject to a written arbitration agreement.[1] In doing so, they argued that Coleman "has no standing to maintain this action" because he was not the administrator of Ornette Coleman's estate. In opposing the motion, Coleman represented that he anticipated receiving letters of administration from the Surrogate's Court in December. On December 18, the Court denied the defendants' motion to dismiss insofar as it was predicated on Coleman's failure to timely move to substitute a new plaintiff. Coleman I, 2015 WL 9275684, at *4. The Court also granted Coleman's motion for a retroactive extension of time to substitute based on his showing of excusable neglect. Id.[2]

Following additional litigation, Coleman's request to be formally substituted as the plaintiff was granted in March 2016.

---

[1] Coleman opposed the motion on two grounds: first, that Ornette Coleman lacked the capacity to enter into the agreement, and second, that Ornette Coleman never actually signed the agreement.

[2] In a separate Order, the Court held that whether a contract containing an arbitration clause was formed is a question properly adjudicated by the Court, but whether Ornette Coleman lacked the capacity to enter into a contract containing an arbitration clause is properly heard by an arbitrator.

Coleman II, 2016 WL 1169518, at *2.  At that time, the Court

ordered Coleman to submit an update on the status of his

application to be appointed as the representative of Ornette

Coleman's estate by June 1.  The Court further instructed

Coleman to include in the update "a description of all

submissions he has made to the Surrogate's Court, as well as any

action taken by the Surrogate's Court."  On June 1, Coleman

submitted an update that indicated he filed his application with

the Surrogate's Court on May 27, 2016, and hoped that the

proceeding could be completed "in the next two to three months

depending on the Surrogate Court's schedule."

On May 13, the defendants filed a renewed motion to dismiss

or compel arbitration, arguing that all of Coleman's claims are

governed by a binding arbitration agreement.  The Court's June

17 Opinion on the motion ordered Coleman to submit his claims to

binding arbitration and stayed the action pending the outcome of

arbitration proceedings.  Coleman III, 2016 WL 3387748, at *5.

By separate Order of June 17, the Court further instructed

Coleman to submit a status letter by December 1, and instructed

that the defendants "may apply for further relief from this

Court" if Coleman did not commence arbitration proceedings

within thirty days.

Coleman did not commence arbitration proceedings within

thirty days.  On December 1, Coleman filed an update that stated

he "has filed but not yet completed" his application to be appointed administrator. The letter further stated that Coleman "anticipates that his application will be completed [in December] and is hopeful that he will be duly appointed as a representative of his father's estate within 60 days, at which time, [Coleman] is prepared to commence the arbitration." On December 2, the Court instructed Coleman by endorsement to file another status letter by June 1, 2017. Coleman failed to comply with the Court's December 2 instruction. On June 2, 2017, the Court issued another order instructing Coleman to submit a status letter by June 6. The June 2 Order indicated that failure to submit a letter by June 6 "may constitute grounds for dismissal of the action or such other action as may be just in the circumstances." Coleman submitted a letter on June 6 requesting a one-week extension to provide a "definitive" status report. With the Court's permission, Coleman filed a status report on June 12. The June 12 status report indicated that Coleman had not completed his application and that he had retained new counsel to assist in doing so. The Court ordered Coleman to submit another status report by June 30. On June 30, Coleman submitted an update that stated, "[a]t this time, there has been no additional progress" on the status of his application. It further requested that the action be dismissed without prejudice if the Court was inclined towards dismissal.

That day, the Court ordered any opposition to a dismissal of the action without prejudice be filed by July 7.

On June 30, the defendants requested that the Court dismiss the action with prejudice.[3] Coleman opposed the defendants' request on July 5. Coleman's July 5 letter acknowledged "numerous delays" in completing his application to the Surrogate's Court and insisted, "progress is being made" on the application. The letter also conceded that Coleman cannot provide a date certain by which his application to the Surrogate's Court will be finalized.[4]

## DISCUSSION

Under the Federal Arbitration Act, 9 U.S.C. § 1 et seq., federal courts are required to stay, rather than dismiss, a case when all claims are referred to arbitration and a stay is requested. Katz v. Cellco P'ship, 794 F.3d 341, 343 (2d Cir. 2015). Rule 41 of the Federal Rules of Civil Procedure, however, permits a court to dismiss an action sua sponte for failure to prosecute. Fed. R. Civ. P. 41(b). When considering

---

[3] The defendants' June 30 letter also requests attorneys' fees "based both on the relevant contract language as well as [the] Court's inherent authority." For the reasons stated in Coleman III, the issue of attorney's fees must be submitted to arbitration.

[4] The defendants filed an additional letter reiterating their request that the case be dismissed with prejudice on July 7.

whether to dismiss a complaint pursuant to Rule 41(b), courts

must consider the following five factors:

> (1) the duration of the plaintiff's failure to comply
> with the court order, (2) whether plaintiff was on
> notice that failure to comply would result in
> dismissal, (3) whether the defendants are likely to be
> prejudiced by further delay in the proceedings, (4) a
> balancing of the court's interest in managing its
> docket with the plaintiff's interest in receiving a
> fair chance to be heard, and (5) whether the judge has
> adequately considered a sanction less drastic than
> dismissal.

Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (citation

omitted).  Generally, no single factor is dispositive.  Id.

Dismissal must be preceded by particular procedural

prerequisites, including "notice of the sanctionable conduct,

the standard by which it will be assessed, and an opportunity to

be heard."  Id. at 217 (citation omitted).  Although dismissal

is a "harsh remedy that should be utilized only in extreme

situations," Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009)

(citation omitted), "the authority to invoke it for failure to

prosecute is vital to the efficient administration of judicial

affairs and provides meaningful access for other prospective

litigants to overcrowded courts."  Lyell Theatre Corp. v. Loews

Corp., 682 F.2d 37, 42 (2d Cir. 1982).  A dismissal with

prejudice ordinarily occurs as a sanction for "dilatory tactics

during the course of litigation or for failure to follow a court

order."  Lewis, 564 F.3d at 576.

Dismissal with prejudice is appropriate in this case. Coleman informed the Court of his intention to substitute a plaintiff on July 17, 2015. Two years later, he has still not completed his application to the Surrogate's Court to be appointed as the representative of his father's estate. The arbitration proceedings which were ordered in June 2016 have not begun.

Coleman has been on notice that this pattern of delay might result in dismissal. The Court's June 17, 2016 Order instructed that the defendants may apply for further relief from the Court if Coleman did not commence arbitration proceedings within thirty days. Coleman also failed to comply with the Court's December 2, 2016 instruction to submit a status letter by June 1, 2017. After failing to comply with the Court's instruction, the Court ordered Coleman to submit a status letter by June 6, 2017 and indicated that failure to submit a letter by that date "may constitute grounds for dismissal of the action or such other action as may be just in the circumstances." These requirements put Coleman on notice that his dilatory conduct was sanctionable, and the defendants' request to dismiss the action with prejudice put Coleman on notice about the legal standards that would be used to determine whether dismissal with prejudice is appropriate in this case.

The defendants have been substantially prejudiced by Coleman's inaction. Continued delay will only prejudice the defendants further by requiring them to expend time and resources on a case that is not being advanced. The Court has expended resources on this case and, in particular, on preserving Coleman's opportunity to be heard -- and its interest in managing its docket favors dismissal.

Finally, there is nothing in the record to suggest that Coleman would respond with any more diligence to additional court orders or lesser sanctions. This Court has repeatedly admonished Coleman to complete his application in Surrogate's Court and commence arbitration proceedings. Coleman's updates to date give the Court little reason to believe that ordering additional status updates will be effective. Even now, Coleman cannot provide a date certain by which his application will be complete. Under these circumstances, dismissal with prejudice is warranted. If Coleman is appointed the estate's representative and elects to commence arbitration proceedings against the defendants, the arbitrator will be able to decide whether those claims are timely.

## CONCLUSION

This action is dismissed with prejudice. The Clerk of

Court shall close the case.

Dated:    New York, New York
          July 11, 2017

_____
          DENISE COTE
United States District Judge